UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-68-1BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROGER SHAWN NEDD | ) | |

Before the Court is Defendant Roger Shawn Nedd's Motion to Suppress [DE-48] and the government's response thereto [DE-49]. Nedd requests this Court to grant him an evidentiary hearing to determine whether the Raleigh Police Department violated his Fourth Amendment rights in seizing certain items from Defendant's residence. For the following reasons, the Court DENIES Defendant's request for an evidentiary hearing, and, furthermore, the Court DENIES Defendant's motion to suppress.

BACKGROUND

On September 27, 2009, Officer R. Monroe with the Raleigh Police Department responded to a burglar alarm at a residence located at 3008 Dogwood Drive, in Raleigh, North Carolina (the "Dogwood Drive property"). Defendant, Nedd, who was the leaseholder, also responded to the scene. Nedd indicated that he was in the process of moving to another residence in Raleigh when the break-in occurred.

During a security sweep for intruders, officers observed in plain view evidence of a marijuana grow operation in the residence. In a state of "disarray," the grow operation appeared to be in the process of being disassembled. Upon seeing the partially disassembled grow operation, officers requested consent to search the residence. Nedd agreed and signed a written consent form.

Officers reentered and seized marijuana scattered on the floor in a sunroom. Based on this finding and the evidence of a grow operation, Officer Monroe immediately sought and obtained a state search warrant. In his haste, Officer Monroe included a reference to a "confidential informant" in the conclusion paragraph of the affidavit supporting the warrant application. Specifically, the Conclusion states,

> "Based on my training and experience, <u>the information supplied by the confidential source</u>. I believe probable cause exists to obtain a search warrant for the residence. I respectfully request that a search warrant be issued."

(Page 3, search warrant, emphasis added)

According to Officer Monroe, the Conclusion was taken from a prior search warrant affidavit that he used as a template. No reference to a confidential informant was made in the probable cause section of the officer's affidavit which described what the officers observed in the residence. A magistrate reviewed and signed the search warrant.

Officer Monroe returned to the Dogwood Drive property with the search warrant and it was executed. While conducing their search, officers found approximately 154 grams of marijuana in a trashbag and scattered on the floor. Further, officers observed several empty boxes for solar lights, filtration systems, and fans for ventilation. These items are commonly used in marijuana grow operations. Nedd, who was present and had waived his Miranda rights, was asked where the apparently missing equipment for the grow operation was presently located. Nedd stated that it had been moved to his new residence located at 1116 E. Millbrook Road in Raleigh (the "Millbrook Road property").

Officers then asked for consent to search the Millbrook Road property. Nedd again agreed. However, upon being transported to the Millbrook Road property, Nedd became nervous

and denied living at that location. Further, he claimed the keys in his possession did not fit the locks to the Millbrook Road property. Officers were able to verify that in fact the keys did fit the door lock. Nedd then denied consent to a search of the property. Officer Monroe then swore out a second search warrant. It is this search warrant that is the basis of Nedd's instant motion to suppress.

In his second search warrant, Officer Monroe repeated his mistake of referring to a confidential informant in the Conclusion paragraph of the affidavit. Specifically, the Conclusion states,

> "Based on my training and experience, <u>the information supplied by the confidential source</u>. I believe probable cause exists to obtain a search warrant for the residence. I respectfully request that a search warrant be issued."

(Page 3, search warrant, emphasis added)

As before, Officer Monroe took the Conclusion paragraph from a prior search warrant to use as a template. More importantly, no reference to a confidential informant is made in the probable cause section of the officer's affidavit. The second search warrant was authorized by the magistrate.

Officer Monroe returned with the search warrant and it was executed that same evening. Upon entering the residence, a heavy odor of marijuana was apparent to the officers. During their search of an upstairs bedroom, officers found 2 large marijuana plants, as well as several smaller marijuana plants in a closet. In a separate bedroom, officers located a box of .40 caliber ammunition, and grow equipment that included lights, filtration units, hoses, and fertilizer bags. In the master bedroom, officers found a baggie containing 24 grams of cocaine and a set of digital scales on a shelf in a closet. Further, under a blanket on the bed, officers located a loaded

3

.25 caliber handgun. A subsequent interstate nexus exam determined that the gun and ammunition had traveled in interstate commerce prior to their possession by Nedd. Nedd was a convicted felon at the time.

Nedd was transported to the police station where he again waived his Miranda rights and spoke to the officers. During his interview, Nedd admitted to possessing the cocaine, marijuana and grow equipment found in his residence. However, he claimed the drugs were for personal use only. Nedd admitted that he learned how to grow the marijuana from watching television and the internet. Although Nedd denied possessing the gun, he confessed that he and his family were victims of a home invasion three weeks earlier and that his marijuana and a large amount of currency had been taken.

On March 3, 2010, Nedd was indicted by a federal grand jury in a two count indictment charging him with 1) possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§841(a)(1), and 2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1). On April 8, 2010, a superseding indictment was returned by the federal grand jury, adding two additional counts; 1) conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. §§846, and 2) possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. §§924(c)(1)(A). The arraignment in this matter is scheduled for the Court's January, 2011 term.

## DISCUSSION

In his pending motion, Nedd contends that he is entitled to an evidentiary hearing and an order suppressing the evidence seized at the Millbrook Road property because the search of that property violated his rights as secured by the Fourth Amendment of the Constitution.

4

Defendant's contentions are without merit.

The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

Where a warrant has been issued, and served, review of the probable cause determination by the issuing judicial officer is to be shown "great deference." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). To be entitled to an evidentiary hearing on the propriety of the warrant, the defendant must satisfy the two part test set out in Franks v. Delaware, 438 U.S. 154, 155 (1978).

First, the defendant, "must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks 438 U.S. at 155-56. The defendant fails to carry their burden on this prong if they assert allegations of mere negligence or mistake. Id. at 171.

On this prong, Nedd fails to carry his burden. Other than pointing to Officer Monroe's mistaken inclusion of a reference to a "confidential informant" Nedd puts forth no eviendence tending to establish that the officer's reference was anything other than a hastily included mistake. Nothing in the record supports a finding that Monroe acted intentionally or even recklessly in including the reference to the confidential informant.

Moreover, as the government points out, Monroe's mistaken inclusion appears in the Conclusion paragraph of the affidavit. The fact that no reference to a confidential informant

appears in the probable cause section tends to show that Monroe's reference was mistakenly included—as opposed to intentionally or recklessly included in an effort to mislead the magistrate judge.

Moreover, even assuming, *arguendo*, that Nedd has carried his burden on the first Franks prong, he has failed to do so on the second prong. The second prong of the Franks test requires that the deliberate falsehood contained in the affidavit be essential to the probable cause determination. If probable cause still exists where the problematic information is excluded from review, then no Franks hearing is required. Id at 155-56.

Probable cause <u>does</u> exist in the instant case—even when the allegedly problematic confidential informant reference is excised from review—because the affidavit cites Nedd's post Miranda confession of moving marijuana grow equipment to the Millbrook Road property. Moreover, probable cause is further established in light of Nedd's false denial—when a search of the Millbrook Road property was imminent—that he possessed the keys to that property.

Nedd attacks Officer Monroe's omission of certain exculpatory statements. Nedd claims he indicated to Monroe that he did not engage in the growing of marijuana, and that these statements were wrongfully omitted from the affidavit. However, for omitted evidence to form the basis of a Franks claim, the material "must do more than potentially affect the probable cause determination: it must be 'necessary to the finding of probable cause.'" U.S. v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990) (citing Franks, 438 U.S. at 156). Thus, "for an omission to serve as the basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause for arrest." Colkley, 889 F.2d at 301.

Here, the omission of Nedd's statements that he did not "grow weed" were hardly

6

necessary to the finding of probable cause. Under the totality of the circumstances, Monroe had probable cause to believe that Nedd had committed a crime and that evidence of that crime would be found at the Millbrook Road property. After encountering a partially disassembled marijuana grow operation, the officers queried Nedd regarding the destination of his move. Nedd then informed the officers that he was in the process of moving to the Millbrook Road property. Under the totality of the circumstances, there was probable cause to believe that the Defendant had moved some of those disassembled portions of the grow operation from his home at 3800 Dogwood Drive to the Millbrook Road property. The omission of Nedd's claims that he did not "grow weed" is in no way necessary to this finding.

Thus, because sufficient facts support the magistrate's finding of probable cause–even without the confidential informant reference–Nedd has failed to carry his burden under the second prong of Franks.

## CONCLUSION

For the above stated reasons, the Defendant's motion to suppress [DE-49] is DENIED.

SO ORDERED.

This, the 9 day of December, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE